ROBERTS v. JEFFRIES *et al.;* INGE'S ADMINISTRATOR, *Appellant.*

**Joint Debtors:** SURETYSHIP: SUBROGATION. Where one of three joint debtors gave security to another by way of indemnity against the debt; *Held,* that the third, who stood in the relation of surety to both, had no right to insist that the security should be exhausted before the creditor proceeded against him; (1) Because his only right in respect of the security was to be subrogated to its benefits, and this would not arise until he had paid the debt; (2) Because co-promisors cannot, by arrangements between themselves, hinder and delay their creditor in the collection of his demand.

*Appeal from Franklin Circuit Court.*—HON. A. J. SEAY, Judge.

AFFIRMED.

*T. A. Lowe* for appellant.

*Crews & Booth* and *Thos. B. Crews* for respondent.

HENRY, J.—This is a suit on a note executed by the defendants Jeffries and J. N. Inge, dated 13th day of October, 1869, for $2,640, payable to plaintiff, twelve months after its date.

After the institution of the suit in the Franklin circuit court, the defendant Inge died, and Webb, as administrator of his estate, filed his separate answer to the petition, in which he admitted the execution of the note by his intestate, but alleged that Charles R. Jeffries was the principal in the note, and that Inge and C. S. Jeffries signed it as sureties, and that Inge did so at the special instance of the other payors, who agreed with him that they would hold him harmless, and that if C. R. Jeffries failed to pay the note at maturity, C. S. Jeffries would pay it; that said C. R. Jeffries then owned about 300 acres of land in Franklin county, worth more than double the amount of the note; that afterward, on the 15th day of November, 1871, said C.

R. and C. S. Jeffries, contriving to obtain an advantage over said Inge and to hold said C. S. harmless, contrived and confederated together to place all of C. R.'s real estate in said county at the disposal and control of C. S., and accordingly said C. R. executed and delivered to one E. H. Jeffries a deed of trust, conveying all of his most valuable lands in Franklin county, to secure a note for $200, executed by C. R. and payable to C. S. Jeffries, dated December 5th, 1868, and to secure said C. S. Jeffries against his liability on the note in suit; that immediately after the execution of said deed of trust the beneficiary, C. S. Jeffries, took possession of part of the land, worth $250 per annum, and has ever since continued in possession; that the plaintiff had notice of all of said facts and acquiesced in and sanctioned the same, and has extended the time of payment of said note without the consent of Inge, and prays that E. H. Jeffries be brought into court and required to execute said deed of trust, and to restrain the collection of any judgment that plaintiff may obtain in this action against defendant Webb, as administrator, and all process and pleading against the property of the estate of Inge. The court sustained a demurrer to the answer of Inge, and rendered a judgment accordingly, from which this appeal is prosecuted.

In some respects, this is a remarkable answer. It alleges fraud in general terms, but not one specific act of fraud is charged, and the specific acts which are alleged show that, so far from defrauding Inge, the transaction complained of actually secured him against any loss whatever in consequence of having signed the note. The deed of trust not only secured C. S. Jeffries, but, in equity, inured equally to the benefit of Inge, and if by the agreement between him and the Jeffries, he was surety for both, and they were to indemnify him, this deed of trust fully accomplished that object. " The right of subrogation, (and that is the only right Inge's administrator has,) rests upon principles of equity," and it "does not arise in favor of a surety

until he has actually paid the debt for which he is liable as surety." Sheldon on Subrogation, §§ 87, 127. One surety has no concern with the property conveyed to a co-surety for his indemnity until the former has paid the debt, except, perhaps, in certain contingencies, he might in equity restrain his co-surety from a threatened or reasonably apprehended destruction or waste of the property by his co-surety. But he cannot incumber and embarrass a suit of the creditor to recover his debt, with collateral issues in which he has no interest whatever. It would be injecting one suit into another, the party plaintiff in the original suit having no connection with the subject matter of the injected suit. C. S. Jeffries could not in this suit, if the trustee in his deed of trust should refuse to act, obtain the relief Inge's administrator asks, and he certainly has no greater rights in the matter than C. S. Jeffries has. In fact all the rights he can ever have under the deed of trust, he will derive from him, and he can have none until he has paid the debt. Co-promisors cannot, by arrangements between themselves, hinder and delay the creditor in the collection of his demand.

The judgment is affirmed. All concur.